GUY COLE ET AL., APPELLEES, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, CHARLES M. THOMSON, TRUSTEE, APPELLANT.

13 N. W. 2d 884

FILED APRIL 7, 1944. No. 31724.

*Dressler & Neely,* for appellant.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an appeal from an order of the Nebraska state railway commission requiring the restoration of a station agent at Emmet, Nebraska, by the defendant. The order was entered in an action wherein Guy Cole and others were complainants and Charles M. Thomson, trustee of the property of the Chicago & Northwestern Railway Company, was defendant. The appeal is by the defendant.

The village of Emmet is in Holt county, Nebraska, and on the line of the defendant's railroad. The advertised population of the village is 89. It is also situated on an east and west arterial state highway. It is a little more than 8 miles west of O'Neill and nearly 10 miles east of Atkinson. There are regular station agents at these two latter named points.

On December 4, 1942, in *Thomson v. Nebraska State Railway Commission,* 142 Neb. 477, 6 N. W. 2d 607, which was an action involving the retention of an agent at the identical location involved here, we said:

"Historically and legally a common carrier, in addition to being a commercial and transportation enterprise for profit, is a public service facility with duties owing to the domain it traverses, and to the people resident and commercially engaged in the areas tributary to the carrier. The necessities, requirements and convenience of the tributary areas must be considered and, moreover, reasonably protected.

"This application considered in this light brings us to the very definite conclusion that necessity does not require the maintenance of an agent at Emmet. The evidence is conclusive on the proposition that all of the essential service now furnished by an agent may be supplied by a caretaker, however, with a degree of inconvenience.

"If abandonment is allowed, no physical facility will be abandoned or changed and no essential service discontinued. The important inconveniences will be that no paper work may be done at Emmet, no freight bills for either incoming or outgoing freight may be paid there, registration of complaints will have to be made elsewhere, incoming freight bills will have to be either prepaid or received at an adjacent station where there is an agent, and cars for loading will have to be ordered direct by the shipper or through the caretaker by telephone. There are perhaps other inconveniences, but these are the most important ones. Subject to these inconveniences business would continue as usual at this station.

"Taking into consideration the amount of service required of an agent, the saving to be effected by substitution of a caretaker, the limited amount of shipping, the fact that no essential shipping service is discontinued, and the prospective inconvenience to the few shippers concerned, we conclude that the railway commission acted arbitrarily and unreasonably in denying the application to discontinue the employment of an agent at Emmet and to substitute a caretaker."

The railway commission was directed to enter an order allowing a discontinuance of the agency and the substitution of a caretaker.

Discontinuance of agent and substitution of a caretaker under the authority of our former opinion did not take place until March 13, 1943.

Further in the opinion in *Thomson v. Nebraska State Railway Commission, supra,* it was stated: "It may well be said that the ruling on this question by the railway commission or this court does not amount to an adjudication for the future. It is only a judgment on the condition presented by the application. If future conditions shall require restoration of an agency that matter may be taken care of by proper order in due course at the proper time and as the occasion requires."

Complainants, pursuant to this statement, filed the appli-

cation before us alleging a change in conditions at Emmet. Following the filing of the application a hearing was had before the railway commission. Both parties adduced evidence at the conclusion of which the commission ordered the restoration of an agent. It is from this order that the appeal has been taken.

On their part complainants offered no detailed statistical information showing a comparison and a changed condition from that which existed over the period covered by the former case. In fact on their objection the defendant was barred from making a comparison in this respect. They failed to go beyond statement that there had been an increase in business. Their other complaint was the inconvenience to shippers. It was not pointed out that the inconvenience was greater or of a different character than that which was recognized and commented on in our former opinion.

The defendant on its part adduced statistical evidence detailing the business of the station covering the period from the date when discontinuance of agency was authorized and covering the period contemplated by the complaint. The evidence by comparison with the findings in our former opinion (*Thomson v. Nebraska State Railway Commission, supra*) shows some increase but not sufficient to justify a departure from the pronouncement of our former opinion wherein we held that the requirement that an agent be retained at Emmet under the facts was unreasonable and arbitrary, and no other condition has been shown by the record before us which would at this time justify an order restoring an agent at this station.

The order of the Nebraska state railway commission is reversed.

REVERSED.